IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS B. LEUSCHEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-935 |
| | ) | |
| v. | ) | |
| | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Maureen P. Kelly |
| WALLACE LAVERNE TERWILLIGER, | ) | |
| ELSIE GULNAC TERWILLIGER, and | ) | |
| JUDGE JAMES G. ARNER, Clarion | ) | |
| County Court, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

This matter comes before the Court on Plaintiff's Objections (Docket Nos. 8, 12, 13) to the Report & Recommendation ("R&R") of Magistrate Judge Maureen P. Kelly, entered on August 8, 2022 (Docket No. 7). The R&R recommends that Plaintiff's case be dismissed pre-service, *sua sponte*, pursuant to 28 U.S.C. § 1915A(b), because the claims asserted therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. (Docket No. 7 at 1, 13). Judge Kelly indicated in her R&R and on the docket in this case that objections to the R&R were due by August 25, 2022. (*Id.* at 13-14). Service of the R&R was made on Plaintiff by mail. (Docket No. 7).

On August 30, 2022, Plaintiff filed both Objections to the R&R (Docket No. 8) and a Motion for Extension of Time to File additional Objections and Evidence (Docket No. 9). Judge Kelly granted Plaintiff's motion to the extent that he requested an extension of time in which to

1

file additional objections (such additional objections were due by October 3, 2022), and she denied Plaintiff's motion to the extent that he requested the appointment of counsel. (Docket No. 11 at 4). Thereafter, Plaintiff filed two supplements to his Objections, one on September 26, 2022 (Docket No. 12), and another on October 6, 2022 (Docket No. 13). The Court has considered all of Plaintiff's Objections and supplements to his Objections in reaching its conclusions here.

Fifteen days after filing his Complaint (Docket No. 4), Plaintiff also filed a "Petition for Court Order" (Docket No. 6), which Judge Kelly appropriately treated in her R&R as a supplement to Plaintiff's Complaint. (Docket No. 7 at 4-5). The Court notes that, although Plaintiff's Complaint and supplement thereto are rambling and difficult to understand and analyze, Judge Kelly lays out and considers Plaintiff's claims – claims that, giving Plaintiff the benefit of the doubt, he is most likely trying to make – in a fair and logical manner. The Court emphasizes that Plaintiff's Objections and supplements thereto, like his Complaint and supplement thereto, are similarly rambling and unclear. Nevertheless, viewing Plaintiff's Objections in the light most favorable to him, the Court is given to understand that Plaintiff objects to the recommendation that all of his claims be dismissed with prejudice. Thus, according to Plaintiff, the Court should reject the recommendation that Plaintiff's federal claims – which are explicitly brought under 42 U.S.C. §§ 1981, 1983, and 1985, and which may also include a claim of copyright infringement – be dismissed with prejudice because they are all barred by the applicable statutes of limitations. (Docket No. 7 at 7 (citing various cases)).

Although Plaintiff's supplement to his Complaint also lacks clarity, as noted above, Judge Kelly recommends in her R&R that, to the extent Plaintiff attempts therein to raise a claim against the Commonwealth of Pennsylvania, such claim should also be dismissed with prejudice since the

Commonwealth of Pennsylvania is immune from suit for constitutional claims under Section 1983 because it is not a "person" within the meaning of Section 1983, and because it further enjoys immunity from Section 1983 claims under the Eleventh Amendment to the United States Constitution. (Docket No. 7 at 8-10 (citing cases)). The R&R further recommends that any claims against Judge Arner should be dismissed with prejudice based on the doctrine of judicial immunity, which applies to judicial officers in the performance of their official duties and relieves them from liability for their judicial acts. (*Id.* at 10-11 (citing *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) and other cases). Finally, the R&R recommends that, to the extent any claims remain regarding the validity of Plaintiff's lien against the former Terwilliger property, the Court should find that such claims are barred by the *Rooker-Feldman* doctrine, and such claims should therefore also be dismissed with prejudice. (*Id.* at 11-13 (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3rd Cir. 2010) (under which doctrine "federal courts lack jurisdiction over suits that are essentially appeals from state-court judgments")). Upon consideration of Plaintiff's Objections and his supplements thereto, the Court is given to understand that Plaintiff objects to these portions of the R&R as well.

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the entire record, including Plaintiff's Complaint and Petition for Court Order (treated as a supplement to his Complaint), the R&R, Plaintiff's Objections to the R&R, and Plaintiff's supplements to his Objections, the Court concludes that the Objections do not

3

undermine the R&R's recommended disposition. Accordingly, the Court enters the following Order:

AND NOW, this 8th day of November, 2022,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket Nos. 8, 12, 13) are OVERRULED, and the R&R (Docket No. 7) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that, for the reasons set forth in detail in the R&R, Plaintiff's claims are DISMISSED WITH PREJUDICE pre-service, *sua sponte*, pursuant to 28 U.S.C. § 1915A(b) as frivolous, malicious, failing to state a claim upon which relief can be granted, or for seeking monetary relief from a defendant who is immune from such relief.

IT IS FURTHER ORDERED that, as Plaintiff's claims are dismissed with prejudice, Plaintiff's Motion for Change in Venue (Docket No. 10) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: Douglas B. Leuschen (via U.S. Mail)